J-E01004-17

2018 PA Super 245

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1888 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0902501-2005

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBORAH JEDRZEJ | : | |
| | : | |
| Appellant | : | No. 1900 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1110002-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH LEWIS | : | |
| | : | |
| Appellant | : | No. 1904 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000638-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| | : | |
| | : | |
| A.M., | : | |
| | : | |
| Appellant | : | No. 1907 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003016-2009

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL C. CORBIN | : | |
| | : | |
| Appellant | : | No. 1909 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006112-2010

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE COLBERT | : | |
| | : | |
| Appellant | : | No. 1913 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0907851-1996

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT DONNELLY | : | |

|                                  |   |                              |
|----------------------------------|---|------------------------------|
|                                  | : |                              |
| Appellant                        | : | No. 1917 EDA 2015            |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0206991-2001

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| COMMONWEALTH OF PENNSYLVANIA      | : | IN THE SUPERIOR COURT OF     |
|                                  | : | PENNSYLVANIA                 |
|                                  | : |                              |
| v.                               | : |                              |
|                                  | : |                              |
|                                  | : |                              |
|                                  | : |                              |
| VICTOR DEFLICE                   | : |                              |
|                                  | : |                              |
| Appellant                        | : | No. 1918 EDA 2015            |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0108471-2004

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| COMMONWEALTH OF PENNSYLVANIA      | : | IN THE SUPERIOR COURT OF     |
|                                  | : | PENNSYLVANIA                 |
|                                  | : |                              |
| v.                               | : |                              |
|                                  | : |                              |
|                                  | : |                              |
|                                  | : |                              |
| APRIL GREGHINI                   | : |                              |
|                                  | : |                              |
| Appellant                        | : | No. 1936 EDA 2015            |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0806121-2005

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| COMMONWEALTH OF PENNSYLVANIA      | : | IN THE SUPERIOR COURT OF     |
|                                  | : | PENNSYLVANIA                 |
|                                  | : |                              |
| v.                               | : |                              |
|                                  | : |                              |
|                                  | : |                              |
|                                  | : |                              |
| TRACY L. MCKINNEY                | : |                              |
|                                  | : |                              |
| Appellant                        | : | No. 1939 EDA 2015            |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CP-0006404-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSE MELENDEZ | : | |
| Appellant | : | No. 1940 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1110221-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARIANO ORTIZ | : | |
| Appellant | : | No. 1941 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203931-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ROBERT NED | : | |
| Appellant | : | No. 1943 EDA 2015 |

Appeal from the Order June 15, 2015

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012780-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL STANGER | : | |
| | : | |
| Appellant | : | No. 1944 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012763-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT WILSON | : | |
| | : | |
| Appellant | : | No. 1945 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005469-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREK WHITE | : | |
| | : | |
| Appellant | : | No. 1946 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012967-2008

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ALBERT TILSON   :
  :
      Appellant   :   No. 1947 EDA 2015

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003959-2010

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
FRANK GARCIA   :
  :
      Appellant   :   No. 1948 EDA 2015

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003899-2011

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
MICHAEL T. LOVELACE   :
  :
      Appellant   :   No. 2039 EDA 2015

Appeal from the Order Entered June 15, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0050091-2008

BEFORE: BENDER, P.J.E., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS,
J., OLSON, J., DUBOW, J., MOULTON, J., and SOLANO, J.

DISSENTING OPINION BY BOWES, J.:          **FILED SEPTEMBER 05, 2018**

In these consolidated appeals, Appellants were convicted of varying offenses that were subject to sexual offender registration obligations pursuant to the body of laws generically referred to as "Megan's Law." Later, each violated probation and was resentenced. In the intervening years, Megan's Law was replaced by SORNA, which imposed more onerous obligations than which existed at the time of Appellants' pleas. Appellants sought to avoid the more stringent requirements by filing motions seeking enforcement of the sexual offender registration obligations in effect at the time of their guilty pleas, based upon **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa.Super. 2013) (*en banc*) (affirming order of trial court that stated appellee was not required to register as a sex offender as result of plea bargain). **See Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016) (approving **Hainesworth**).

The trial court denied each petition, relying on **Commonwealth v. Partee**, 86 A.3d 245 (Pa.Super. 2014), which held that a probation violation constituted a failure to abide by the terms of the plea agreement, thereby voiding that agreement. This *en banc* panel was set to address whether **Partee** should be overruled. Rather than decide that issue, the learned Majority chooses to answer a wholly different question, namely, whether Appellants are now serving an illegal sentence due to the subsequent holding in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (OAJC), which

- 7 -

declared SORNA to constitute punishment. The Majority does not address the fundamental restriction in our plea enforcement line of cases, which is that we could not reach issues pertaining to the legality of the sentences. We therefore lack jurisdiction to apply *Muniz* retroactively, as the Majority has done. Moreover, the *sua sponte* decision to address Appellants' sentences is unnecessary, as the Legislature has amended SORNA and applied *Muniz* retroactively. Finally, the Legislature enacted Act 10 to fill in the gap caused by the retroactive application of *Muniz*. Accordingly, I dissent.

Preliminarily, I disagree with the Majority's framing of what is at issue in these appeals. The Majority states that the trial court "ordered Appellants to comply with the new registration conditions and terms assigned to their crimes under SORNA," and then elects to apply *Muniz* to these cases. "We are constrained to order that under *Muniz*, the trial court may not increase their registration requirements under SORNA." Majority Opinion at 7-8. This characterization is incorrect. Appellants' SORNA obligations were imposed by the Legislature and the Pennsylvania State Police, not the trial court. The trial court simply denied motions seeking restoration of non-SORNA obligations as contained within their plea agreements.

*Muniz* has nothing to do with whether Appellants are entitled to restoration of their prior plea bargains. The specific question presented on appeal was: "Whether Appellants' plea agreements should be enforced with respect to the length or fact of sexual offender registration where they violate

a condition of probation?"  Appellants' brief at 2.  **Muniz** did not abrogate **Partee**'s holding that criminal defendants who breach their plea agreements by violating the terms of probation are not entitled to enforcement of their bargains.  I would apply **Partee**, which I believe was correctly decided, and hold that Appellants' breach of their agreement precludes enforcement of the earlier bargain.  I would therefore affirm the orders.

This resolution would theoretically leave the SORNA portions of Appellants' sentences intact, but for the subsequent legislative action, discussed *infra*.  The Majority endeavors to address that point, by avoiding the question presented on appeal and answering whether this Court should address the legality of Appellants' sentences by retroactively applying the holding in **Muniz**.  We do not have jurisdiction to do so.

These cases are appeals from orders denying motions to enforce plea agreements, and a critical point in **Hainesworth** and its progeny was whether such motions were subject to the PCRA, since, if so, such motions would have to comply with the PCRA's one-year time bar.  The Majority declines to discuss how we may address the legality of Appellants' sentences in a non-PCRA setting by observing that there is "no reason to conclude **Muniz** overruled our jurisdiction to review the decisions of trial courts to enforce plea bargains, especially given **Martinez**."  Majority Opinion, at 21-22.  Relatedly, the Majority states that "we may correct an illegal sentence *sua sponte* so long as

we maintain jurisdiction over the case."[1]  *Id*. at 22.  I agree that *Muniz* did not overrule our jurisdiction to enforce plea agreements, but that is because *Muniz* has nothing to do with plea agreements.

The Majority erroneously assumes that we may apply *Muniz*'s holding to these Appellants by asserting that *Muniz* abrogated *Partee*.  I agree with that statement insofar as *Muniz* holds that requiring persons convicted of offenses without adequate notice of the SORNA obligations cannot be ordered to comply with SORNA.  The problem, however, is that this conclusion does not supply an answer as to whether *Muniz*'s rule retroactively applies to these offenders.  Our current precedents hold that *Muniz* does not satisfy the exception to the PCRA's one-year time bar pertaining to new constitutional rights.  *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018). Therefore, our Court continues to affirm judgments of sentence that are no less unconstitutional than Appellants' sentences.  The existence of *Murphy* disproves the Majority's statement that "reclassifications of the Appellants after the effective date of SORNA cannot stand."  Majority Opinion at 26. *Murphy* accepts that SORNA classifications may remain in place notwithstanding *Muniz*, and we therefore cannot simply ignore *Partee*

---

[1] Suppose a defendant files a motion for a return of property seized during the criminal proceedings.  No one would suggest that the court's jurisdiction to address that matter gives the court jurisdiction to address the legality of any sentence imposed in that case.

despite the fact that affirming on that basis raises the possibility of affirming a sentence that **Muniz** says is illegal.[2]

Therefore, the Majority seeks to apply **Muniz** retroactively, without acknowledging the fact that the continuing existence of cases like **Murphy** means that **Muniz** would henceforth apply in a disparate fashion.[3]

---

[2] The Majority has overlooked the distinction between jurisdiction to address the legality of sentence, and what body of law applies to the legality of that sentence. As this Court has observed with respect to attempts to apply **Alleyne v. United States**, 570 U.S. 99 (2013) in collateral proceedings:

> Appellant conflates the concept of illegal sentences with whether **Alleyne** can be applied retroactively in the collateral review context. [Our Supreme Court] clearly articulated that the fact that **Alleyne** may raise a legality-of-sentence issue does not obviate the need for a retroactivity analysis as to whether **Alleyne** can be applied to a collateral attack on a judgment of sentence.

**Commonwealth v. Ciccone**, 152 A.3d 1004, 1007 (Pa.Super. 2016) (*en banc*).

[3] Whether that would be permissible is a difficult question. This Court has held that **Muniz** created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa.Super. 2017). Simultaneously, **Muniz** does not satisfy the PCRA's time-bar exception pertaining to newly-announced constitutional rights. **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018). Therefore, similarly-situated offenders, *i.e.* persons whose criminal sentences were already final when **Muniz** was announced, are treated differently.

While I believe that **Murphy** was correctly decided as a matter of statutory interpretation, States are arguably prohibited from refusing to grant retroactive effect to new substantive rules of constitutional law. **See Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) (States required to give retroactive effect to such rules). **Montgomery** controls as to questions of

- 11 -

Fortunately, this issue is one we need not answer since the Legislature has already applied *Muniz* retroactively. In response to *Muniz*, the General Assembly amended SORNA to include the following language: "This subchapter shall apply to individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S. § 9799.11(d). That language has freed Appellants and all offenders who committed their crimes before SORNA was law from its punitive obligations, which is precisely what *Muniz* demands. Thus, the Legislature has itself applied *Muniz* retroactively and has abrogated *Murphy*.[4]

---

federal law. "If a state collateral proceeding is open to **a claim controlled by federal law**, the state court has a duty to grant the relief that federal law requires. *Id*. at 731 (emphasis added, quotation marks and citation omitted). In turn, we have held that the binding precedent in *Muniz* "is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the *ex post facto* clause of the Pennsylvania Constitution when applied retroactively." *Commonwealth v. Hart*, 174 A.3d 660, 667 n.9 (Pa.Super. 2017).

If *Muniz* simply represents the announcement of a pure state law claim, disparate retroactive application may or may not be permissible. *Cf*. *Commonwealth v. Cunningham*, 81 A.3d 1, 8 (Pa. 2013) (noting that the federal retroactivity model "is not necessarily a natural model for retroactivity jurisprudence as applied at the state level."). Suffice to say, the necessity of applying *Muniz* in the absence of controlling legislation is a complicated question, and one we need not decide.

[4] To the extent that the Majority disagrees with my position that the Legislature has retroactively applied *Muniz*, I would note that the Majority has crafted a retroactivity scheme in which only some offenders receive the benefit of *Muniz*. Offenders who have no plea bargain to enforce or elected to go to trial cannot take advantage of the Majority's theory, yet they too are serving unconstitutional sentences that the Majority posits "cannot stand."

Additionally, effective February 21, 2018, the Legislature enacted Act 10, which added a new subchapter to SORNA, "Continued Registration of Sexual Offenders."[5] 42 Pa.C.S. §§ 9799.51-9799.75. The stated purpose of Act 10 was, *inter alia*, to address **Muniz**, and it applies to the following individuals:

> This subchapter shall apply to individuals who were:
>
> (1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or
>
> (2) required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa.C.S. § 9799.52.

Additionally, I note that the Majority declares that "Appellants are instead subject to the original periods of sexual offender registration and conditions imposed at the time of their plea bargains, if applicable." Majority Opinion at 29. It is unclear what the opaque language "if applicable" means, and the Majority dispenses with the need to answer that question by claiming that the issue is not before us. The Majority has fashioned a kind of severability law by reviving the former obligations through judicial fiat.

> However, the issue of the possible retroactive application of the legislature's new amendments to Appellants is not before us. The

---

[5] Act 29 of 2018 reenacted Act 10, effective June 12, 2018.

only issue raised by Appellants, and argued to the Court, was whether the reclassification under the then-existing version of SORNA, as applied to each Appellant, was lawful. Under ***Muniz***, we hold that the more onerous registration requirements under these reclassifications are barred. Unless and until the Pennsylvania State Police attempt to again reclassify Appellants, this time under Act 29, and this new reclassification is challenged, this issue is not before the Court.

Majority Opinion at 28 (footnote omitted).

Speaking to this point, it appears to me that the enabling legislation of SORNA may have eliminated all prior versions of Megan's Law. ***See*** 42 Pa.C.S. § 9799.41 (listing provisions that shall expire on December 20, 2012); ***Derhammer***, ***supra*** at 726 ("As noted, Megan's Law III expired and was replaced by SORNA[.]"). There is some confusion regarding whether Megan's Law II continued to exist following the enactment of Megan's Law III. ***See id***. at 725 n.4 ("Megan's Law III did not completely repeal and replace Megan's Law II; rather, it made significant changes to Megan's Law II."). Nevertheless, the notion that some remnants of Megan's Law II survive in vestigial form seems questionable, and I am skeptical of an analytical framework that requires Appellants to comply with statutes that may no longer exist.

Finally, the Majority emphasizes that its disposition is simply giving Appellants what they asked for: the restoration of their prior obligations. However, the Appellants are not entitled to that relief under ***Partee***, and, in any event, that relief was sough in a pre-***Muniz*** world. We do not know if Appellants herein would continue to ask for restoration of their prior bargains post-***Muniz*** and the changes in law. It may be that some of these Appellants

would pursue the theory outlined above, that in the absence of SORNA obligations, **all** prior obligations were eliminated.  Or perhaps they would wish to pursue some other theory.  The Majority has rendered an advisory opinion on this point, finding, without the benefit of any advocacy, that Appellants must comply with their previous obligations.

"[W]e have known that, from time to time, judicial decisions will leave a law in pieces. It is the legislators' (and not the judges') job to put those pieces back together. We interpret the law. We do not make it." ***Derhammer***, ***supra*** at 733 (Pa. 2017) (Wecht, J., concurring).  ***Muniz*** left the law in pieces, and we could not do the work of putting it back together even if the Legislature had opted to remain silent.  But they have spoken, and there is no need to create a cacophony by adding our voice.  I therefore respectfully dissent.