J-S52013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN ALLEN CRABB, | |
| Appellant | No. 530 MDA 2018 |

Appeal from the PCRA Order Entered March 6, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):
CP-22-CR-0003292-2001
CP-22-CR-0005172-2008

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 12, 2018**

Appellant, Bryan Allen Crabb, appeals *pro se* from the post-conviction court's March 6, 2018 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Briefly, on February 7, 2002, Appellant pled guilty in two separate cases to various sexual offenses, including statutory sexual assault and indecent assault of a person less than 16 years old.  He was sentenced that same day to a period of incarceration, after which he did not file a direct appeal.  Instead, Appellant filed several PCRA petitions over the ensuing years.  At issue presently is a *pro se* PCRA petition that Appellant filed on December 5, 2017.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In that petition, he alleged claims of ineffective assistance of counsel, and he also seemingly challenged the legality of his designation as a Sexually Violent Predator (SVP) under Megan's Law.

On February 21, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, on the grounds that, *inter alia*, it was untimely-filed. On March 6, 2018, the court entered a final order dismissing Appellant's petition. Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 23, 2018, the PCRA court filed a Rule 1925(a) opinion. Herein, Appellant raises eight claims for our review. **See** Appellant's Brief at ii-iii.

Before we may address any of those claims, however, we must examine the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2002 and, thus, his present petition filed in 2017 is patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not clearly argue the applicability of any timeliness exception. The only claim that could be construed as implicating a timeliness exception is Appellant's assertion that his SVP designation is illegal under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive, and retroactive application thereof violates the *ex post facto* clauses of the federal

and Pennsylvania constitutions), and this Court's subsequent decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (holding that, in light of *Muniz* and the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), the process for designating an individual as an SVP under SORNA is unconstitutional).

However, this Court has held that

*Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,

[s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

[W]e acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017).

However, because [the] [a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul–Salaam, supra*. Because at this time, no such holding has been issued by our Supreme Court,

[the] [a]ppellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Murphy*, 180 A.3d 402, 405–06 (Pa. Super. 2018) (emphasis in original).  Additionally, our Supreme Court has not held that our decision in *Butler* applies retroactively, even if *Butler* could be construed as creating a new constitutional right.

In sum, because Appellant's petition is untimely, and our Supreme Court has not held that either *Muniz* or *Butler* applies retroactively, Appellant cannot satisfy the timeliness exception of section 9545(b)(1)(iii).  As Appellant makes no attempt to plead and prove the applicability of any other timeliness exception, we discern no error in the court's decision to deny his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2018