OPINION BY BENDER, P.J.E.:
Appellant, Edgar B. Murphy, Jr., appeals pro se from the post-conviction court's March 9, 2017 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 - 9546. For the following reasons, we affirm.
Briefly, in February of 2007, Appellant was convicted, following a jury trial, of involuntary deviate sexual intercourse, sexual assault, and indecent assault committed against his 33-year-old daughter. On November 8, 2007, Appellant was sentenced to an aggregate term of 7 to 20 years' incarceration. This Court affirmed his judgment of sentence on direct appeal, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal on April 29, 2009. Commonwealth v. Murphy , 965 A.2d 299 (Pa. Super. 2008) (unpublished memorandum), appeal denied , 601 Pa. 677, 970 A.2d 429 (2009). Accordingly, Appellant's judgment of sentence became final on July 28, 2009, at the conclusion of the ninety-day time-period for seeking review with the United States Supreme Court. See 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Commonwealth v. Owens , 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects *404 his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).
Between 2009 and 2015, Appellant filed several PCRA petitions, all of which were denied. He filed the present, pro se petition on August 4, 2016, as well as multiple amendments/supplements to that petition, containing nearly 200 pages of argument. Ultimately, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, to which he filed several pro se responses. On March 9, 2017, the court issued the order denying Appellant's petition.
Appellant filed a timely, pro se notice of appeal with this Court. He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In that five-page document, Appellant presented at least 33 issues and sub-issues. In his brief to this Court, Appellant sets forth 25 claims for our review.
However, before we may address the merits of any of those issues, we must begin by examining the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett , 593 Pa. 382, 930 A.2d 1264, 1267 (2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:
(b) Time for filing petition.-
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).
Here, Appellant's judgment of sentence became final in 2009 and, thus, his present petition filed in 2016 is facially untimely. Consequently, for this Court to have jurisdiction to review the merits of his claims, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).
Appellant fails to meet this burden. In his brief, Appellant presents a 58-page "Argument" section that is not clearly divided into identifiable issues. Instead, Appellant intermixes various claims together in an incoherent fashion, moving from assertions of trial counsel's ineffectiveness, to allegations of due process violations, to accusations that the trial court and the Commonwealth committed fraud. Most problematically, however, Appellant only *405 occasionally mentions the PCRA's timeliness exceptions, see, e.g. , Appellant's Brief at 20, without developing any meaningful argument regarding which exception applies and why. Accordingly, Appellant has failed to demonstrate that the PCRA court erred by denying his untimely petition. See Commonwealth v. Ragan , 592 Pa. 217, 923 A.2d 1169, 1170 (2007) ("This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.").
We also point out that during the pendency of his appeal, Appellant filed with this Court at least 12 pro se motions, requesting various (and oftentimes unintelligible) forms of relief. While most of those motions were disposed of by per curiam orders, three of them are still pending. Specifically, we must dispose of Appellant's "Motion for Application for Special Relief Pursuant to 42 Pa.R.Crim.P. Rule 123" filed on August 14, 2017; his "[W]rit of Mandamus or [O]ther [E]xtraordinary [R]elief" filed on October 18, 2017; and his "Motion for Grounds for Relief in Accordance to Pa.R.Crim.P. Rule 123" filed on November 27, 2017.
Preliminarily, in Appellant's August 14, 2017 and November 27, 2017 motions, he seemingly reiterates the same undeveloped and confusing claims as he sets forth in his pro se brief, none of which are sufficient to demonstrate the applicability of any timeliness exception.
The same is true for Appellant's October 18, 2017 motion, although there is one assertion in that motion that requires some discussion. Specifically, Appellant seemingly attempts to satisfy the timeliness exception of section 9545(b)(1)(iii), by arguing that a lifetime registration requirement imposed upon him pursuant to the Sexual Offenders Notification Act (SORNA) is unconstitutional under our Supreme Court's recent decision in Commonwealth v. Muniz , --- Pa. ----, 164 A.3d 1189 (2017) (holding that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal ex post facto clause, as well as the ex post facto clause of Pennsylvania's Constitution).
Appellant's reliance on Muniz cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In Commonwealth v. Abdul-Salaam , 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,
[s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e. , "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
Id. at 501.
Here, we acknowledge that this Court has declared that, " Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa , 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike *406 the petition at issue in Rivera-Figueroa ), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See Abdul-Salaam, supra . Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.[1]
Accordingly, we affirm the PCRA court's order denying Appellant's untimely-filed petition. We also deny Appellant's "Motion for Application for Special Relief Pursuant to 42 Pa.R.Crim.P. Rule 123" filed on August 14, 2017; his "[W]rit of Mandamus or [O]ther [E]xtraordinary [R]elief" filed on October 18, 2017; and his "Motion for Grounds for Relief in Accordance to Pa.R.Crim.P. Rule 123" filed on November 27, 2017.
Order affirmed.

Certainly, if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).