J-S45033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEY JUNIOR BARNETT, JR. | : | |
| | : | |
| Appellant | : | No. 1692 MDA 2017 |

Appeal from the PCRA Order October 12, 2017
in the Court of Common Pleas of York County
Criminal Division at Nos.: CP-67-CR-0000025-2000
CP-67-CR-0000952-1999
CP-67-CR-0000953-1999

BEFORE: PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.: **FILED SEPTEMBER 25, 2018**

Appellant, Harley Junior Barnett, Jr., appeals, *pro se*, from the order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

We take the factual and procedural history in this matter from our review of the certified record. On March 9, 2000, a jury found Appellant guilty of one count of aggravated indecent assault, four counts of corruption of minors, and four counts of indecent assault. On April 17, 2000, the trial court sentenced him to an aggregate term of not less than eight and one-half nor more than twenty-five years of imprisonment. This Court affirmed the judgment of sentence on March 16, 2001. (**See Commonwealth v. Barnett**,

_____
* Retired Senior Judge assigned to the Superior Court.

777 A.2d 498 (Pa. Super. 2001) (unpublished memorandum)). Appellant did not petition our Supreme Court for allowance of appeal.

Appellant filed his first PCRA petition *pro se* on March 15, 2002. The court appointed counsel, who filed amendments to the petition on April 25, 2002. The PCRA court, after a hearing, found no merit to Appellant's arguments and denied his petition. This Court affirmed the denial on June 3, 2003, and our Supreme Court denied Appellant's petition for allowance of appeal on October 23, 2003. (*See **Commonwealth v. Barnett***, 830 A.2d 1041 (Pa. Super. 2003), *appeal denied*, 834 A.2d 1140 (Pa. 2003) (unpublished memorandum)). Appellant filed a second PCRA on July 28, 2016, which the PCRA court dismissed as untimely, and without applicable exception to the PCRA time bar, on November 3, 2016.

On August 10, 2017, Appellant filed a motion to modify sentence, which the PCRA court appropriately treated as a third PCRA petition. The court issued notice of its intent to dismiss pursuant to Rule 907 on September 19, 2017. On October 12, 2017, the PCRA court denied the petition as untimely, concluding that Appellant failed to allege and prove any exception to the PCRA time bar. This timely appeal followed.[1]

Appellant raises two questions on appeal.

---

[1] Pursuant to the trial court's order, Appellant filed a concise statement of errors complained of on appeal on November 27, 2017. **See** Pa.R.A.P. 1925(b). The trial court entered a Rule 1925(a) statement on January 12, 2018, in which it relied on its October 12, 2017 order denying Appellant's petition, and its Rule 907 notice of intent to dismiss. **See** Pa.R.A.P. 1925(a).

[]1: Whether the [PCRA] court erred in denying [Appellant's] timely PCRA as he claimed the exceptions stated by the [PCRA] in his amended PCRA under 42 Pa.C.S.A. § 9545(b)(1)(i-iii)?

[]2: Whether this Honorable Superior Court will hear this [A]ppellant's **Commonwealth** [**v.**] **Muniz**[, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018),] claim as it pertains to the illegality of sentence and can be raised *sua sponte*, for the first time on appellate court review without preservation, and must be applied in a collateral review context as it is a substantive ruling?

(Appellant's Brief, at 8) (some capitalization omitted).

. . . [B]efore we may address the merits of any of those issues, we must begin by examining the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S.[A.] § 9545(b)(1)(i)–(iii) applies:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania

> after the time period provided in this section and has
> been held by that court to apply retroactively.
>
> 42 Pa.C.S.[A.] § 9545(b)(1)(i)–(iii). Any petition attempting to
> invoke one of these exceptions "shall be filed within 60 days of
> the date the claim could have been presented." 42 Pa.C.S.[A.] §
> 9545(b)(2).

*Commonwealth v. Murphy*, 180 A.3d 402, 404 (Pa. Super. 2018) (case

citation omitted).

Here, Appellant's judgment of sentence became final on April 15, 2001,

thirty days after this Court affirmed his judgment of sentence and Appellant

did not petition our Supreme Court for allowance of appeal. Therefore, the

instant petition, filed August 10, 2017, is facially untimely and Appellant must

prove that he meets one of the exceptions to the timeliness requirements set

forth in 42 Pa.C.S.A. § 9545(b).

Appellant contends that he is entitled to an exception to the PCRA time

bar because his sentence is unconstitutional based on our Supreme Court's

recent decision in *Muniz*.[2] (*See* Appellant's Brief, at 11-16). We disagree.

> [W]e acknowledge that this Court has declared that, "*Muniz*
> created a substantive rule that retroactively applies in the
> collateral context." *Commonwealth v. Rivera–Figueroa*, 174
> A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's
> PCRA petition is untimely (unlike the petition at issue in *Rivera–
> Figueroa*), he must demonstrate that the Pennsylvania Supreme
> Court has held that *Muniz* applies retroactively in order to satisfy
> section 9545(b)(1)(iii). *See* [*Commonwealth v. Abdul–
> Salaam*, 812 A.2d 497, 501 (Pa. 2002)]. Because at this time,

---

[2] Although Appellant argues that he is entitled to the newly discovered fact exception, a judicial determination, such as *Muniz*, is not a fact. *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Thus we consider his claim under § 9545(b)(1)(iii) concerning constitutional rights recently recognized and applied retroactively.

no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Murphy**, **supra** at 405-06 (footnote omitted).

Accordingly, Appellant has not pleaded and proven that one of the timeliness exceptions applies to his case.  His petition remains time barred and the PCRA court lacked jurisdiction to review it.  Thus, we affirm the PCRA court's order denying Appellant's untimely petition.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2018

---

[3] Moreover, we note that, upon review of the certified record, we agree with the PCRA court that SORNA's registration requirements have not been applied to Appellant, who has yet to begin his term of registration.  (**See** Order, 10/12/17, at 2).

- 5 -