J-S49037-18

2018 PA Super 392

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GUY C. HAUGHWOUT, SR. :
:
Appellant : No. 416 MDA 2018

Appeal from the Judgment of Sentence October 6, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001537-2014,
CP-40-CR-0003790-2013

BEFORE:  SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

CONCURRING OPINION BY SHOGAN, J.:        **FILED OCTOBER 30, 2018**

I join the Opinion of the learned Majority.  I write separately, however, to further explain my reasons for affirming the trial court's opinion.

As noted by the Majority, Appellant was subject to lifetime registration under Megan's Law I, 42 Pa.C.S. §§ 9791-9799.6, as a result of his conviction of indecent assault in 2002.  On September 17, 2015, Appellant pled guilty to and was convicted of violating 18 Pa.C.S. § 4915.1(a)(1) and (a)(3) for failing to comply with registration requirements and failing to provide accurate registration information in 2013.

The Pennsylvania Supreme Court has held that the registration provisions of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41, constitute criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to

_____
*  Former Justice specially assigned to the Superior Court.

SORNA. *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert.denied*, 138 S.Ct. 925 (U.S. 2018). In doing so, the High Court reiterated that "'two critical elements' must be met for a criminal or penal law to be deemed *ex post facto*: 'it must be retrospective, that is, is must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Muniz*, 164 A.3d at 1195-1196 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

As noted by the Majority, Appellant was not disadvantaged by being subjected to a longer registration period. Additionally, though, SORNA was not applied to events occurring before its enactment on December 20, 2011, because Appellant violated Sections 4915.1(a)(1) and (a)(3) in 2013. Thus, because Appellant was not subject to retroactive application of SORNA's registration requirements, the *ex post facto* clauses of the federal and state constitutions were not directly implicated. Accordingly, I agree with the Majority that Appellant is not entitled to relief under *Muniz*.

I write separately also to address the Commonwealth's suggestion that, given Appellant's designation as a sexually violent predator ("SVP") following his conviction of indecent assault in 2002, he may be entitled to relief under *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). Commonwealth's Brief at 5. Although Appellant did not raise this issue, it impacts the legality of his sentence, an issue we may raise *sua sponte*. *Id.* at 1215.

In **Butler**, we held that:

section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt. Moreover, . . . trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

**Butler**, 173 A.3d at 1218.

The record at hand indicates that Appellant was designated an SVP on February 15, 2002, pursuant to Megan's Law I, not SORNA. Neither the Pennsylvania Supreme Court nor this Court has held that **Butler** may be applied retroactively to pre-SORNA SVP designations. Thus, Appellant is not entitled to relief under **Butler**.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2018

_____

[1] If the Pennsylvania Supreme Court issues a decision holding that **Butler** applies retroactively, Appellant may file a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, within sixty days of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii). **See Commonwealth v. Murphy**, 180 A.3d 402, 406 n.1 (Pa. Super. 2018).