J-S50040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM E. FRY, SR., :
:
Appellant. : No. 378 WDA 2018

Appeal from the PCRA Order, February 20, 2018,
in the Court of Common Pleas of Venango County,
Criminal Division at No(s):  CP-61-CR-0000452-2001.

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:           **FILED NOVEMBER 21, 2018**

William E. Fry, Sr. wishes to appeal a February 20, 2018 order denying his Post-Conviction Relief Act (PCRA) petition.  In its 1925(a) Opinion, the PCRA Court requested that we vacate its order and remand, so that it can decide whether Act 10 of 2018 (enacted February 21st) requires a different result.  The Commonwealth agrees.

However, we ask, *sua sponte*, whether Fry satisfied the PCRA's jurisdictional time bar – 42 Pa.C.S.A. § 9545(b)(1).  Fry filed his PCRA petition 15 years after his 2002 sentence became final.  He did not assert or prove any of the statutory exceptions to the time bar.  Thus, the PCRA Court lacked jurisdiction to consider the merits of Fry's petition, under the PCRA statute and this Court's recent decision in ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018) (stating that a petitioner cannot rely on ***Commonwealth***

*v. Muniz*, 164 A.3d 1189 (Pa. 2017), cert. denied, ___U.S.___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), at this time, to meet the timeliness exception under 9545(b), because the Supreme Court has not held that *Muniz* applies retroactively).

The rationale of the PCRA Court is not binding upon this Court; thus, we may affirm on any basis. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012). Because the PCRA Court lacked jurisdiction over Fry's petition, we affirm the order denying him relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2018