J-S71039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DENNIS L. PRENDES :
:
Appellant : No. 698 EDA 2018

Appeal from the PCRA Order January 31, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001246-2012

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 21, 2018**

Appellant Dennis L. Prendes appeals from the order dismissing his second Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition as untimely. Appellant claims that the PCRA court erred in concluding that the Pennsylvania Supreme Court decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), did not establish a basis for a time-bar exception under 42 Pa.C.S. § 9545(b)(1)(iii). We affirm.

The procedural and relevant background to this matter is well known to the parties and need not be recited in extensive detail. On January 11, 2013, after entering into a negotiated guilty plea to indecent assault of a child,[1] the trial court sentenced Appellant to thirty to sixty months' imprisonment

---

[1] 18 Pa.C.S. § 3126(a)(7).

followed by thirty-six months' probation. Appellant was found to be a sexually violent predator, and the trial court imposed a lifetime registration requirement.[2] This Court affirmed the judgment of sentence on July 22, 2017. *Commonwealth v. Prendes*, 97 A.3d 337 (Pa. Super. 2014). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Prendes*, 105 A.3d 736 (Pa. 2014).

Appellant filed a first PCRA petition, which the PCRA court denied on June 15, 2016. This Court affirmed on June 29, 2017, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 14, 2017. *Commonwealth v. Prendes*, 2313 EDA 2016 (Pa. Super. filed June 29, 2017) (unpublished mem.), *appeal denied*, 508 MAL 2017 (Pa. filed Nov. 14, 2017).

While Appellant's appeal from the denial of his first PCRA petition was pending, the Pennsylvania Supreme Court decided *Muniz* on July 19, 2017. The *Muniz* Court concluded that the former version SORNA imposed punitive requirement on sexual offenders. *Muniz*, 164 A.3d at 1218. The *Muniz* Court, therefore, determined that the retroactive application of SORNA's

---

[2] At the time of sentencing, Appellant's conviction for indecent assault of a child and the trial court's sexually violent predator designation required a lifetime registration requirement under the former version of the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018).

requirements on sexual offenders violated *ex post facto* principles under the United States and Pennsylvania Constitutions.[3] ***Id.*** at 1223.

Appellant filed the instant petition to remove the lifetime registration requirement within sixty days of the denial of his petition for allowance of appeal of his first PCRA petition. The PCRA court regarded Appellant's petition as a second PCRA petition and dismissed it as untimely on January 31, 2018. In an extensive opinion, the PCRA court concluded that ***Muniz*** was not held to apply retroactively and therefore did not provide a basis for a time-bar exception based on a newly recognized constitutional right. ***See*** PCRA Ct. Op., 1/31/18, at 14-25 (discussing 42 Pa.C.S. § 9545(b)(1)(iii)).

Appellant timely appealed and complied with the PCRA court's order to submit a Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion noting that this Court recently decided ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super 2018), *appeal denied*, 202 MAL 2018 (Pa. filed Oct. 9, 2018), which held that ***Muniz*** did not provide a basis for a PCRA time-bar exception under 42 Pa.C.S. § 9545(b)(1)(iii). PCRA Ct. Op., 3/22/18, at 2-3 (discussing ***Murphy***, 180 A.3d at 405-06).

---

[3] The General Assembly subsequently responded to the ***Muniz*** decision by amending SORNA. ***See*** 2018, Feb. 21, P.L. 27, No. 10 (Act 10). The amended version of SORNA, which is currently in effect, clarifies that its registration requirements apply to a defendant who committed an offense on or after its initial effective date of December 20, 2012. ***See*** 42 Pa.C.S. § 9799.11(c). Act 10 also added Subchapter I to SORNA, which purports to address the retroactivity and *ex post facto* concerns set forth in ***Muniz***. ***See*** 42 Pa.C.S. § 9799.51(b)(4).

Appellant presents the following question for our review:

Where the Supreme Court in [*Muniz*] created a substantive change in SORNA, did the [PCRA c]ourt err in not finding this change retroactive and thereby not finding it met the timeliness requirements set forth in 42 Pa.C.S. § 9545 (b)(1)(iii)?

Appellant's Brief at 2.

Appellant, in brief, asserts there is persuasive legal support for his assertion that *Muniz* was intended to apply retroactively. In particular, Appellant asserts that the principles of *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), should control.[4] *Id.* at 12, 21. The Commonwealth responds that this appeal is governed by *Murphy*. Commonwealth's Brief at 9. In his reply brief, Appellant concedes that this Court's recent decision in *Murphy* controls, but suggests *Murphy* was wrongly decided. Appellant's Reply Brief, at 4 (unpaginated).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Secreti*, 134 A.3d 77, 79-80 (Pa. Super. 2016) (citation omitted).

Following our review, we agree with the PCRA court and the parties that *Murphy* controls. As this Court stated in *Murphy*:

---

[4] *Montgomery* held that the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), regarding mandatory life sentences without parole for juvenile offenders, announced a substantive rule and applied retroactively. *Montgomery*, 136 S. Ct. at 736.

[The a]ppellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,

> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.[fn1]

---

[fn1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

*Murphy*, 180 A.3d at 405-06 (some citations omitted).

Thus, there is no basis to find legal error in the PCRA court's determination that Appellant failed to establish a time-bar exception under 42 Pa.C.S. § 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/18