J-S42016-18

2019 PA Super 30

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROCCO ROBERT GRECO | : | |
| | : | |
| Appellant | : | No. 219 MDA 2018 |

Appeal from the PCRA Order Entered January 12, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000608-1986

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

CONCURRING AND DISSENTING OPINION BY BOWES, J.:**FILED FEBRUARY 08, 2019**

My distinguished colleagues cogently explain why Appellant's request for relief must be construed as a PCRA petition under governing precedent, and I concur in the determination that Appellant's petition did not satisfy any exception to the one-year time bar.  However, I dissent as to the disposition. In my view, the PCRA court could not modify Appellant's reporting obligations, as it purported to do, when it ordered him to comply with Megan's Law II. Finally, I address Appellant's argument that our precedents are unconstitutional.

Preliminarily, I note that the order appealed from did not simply deny Appellant's request.  Instead, the PCRA court also *sua sponte* modified Appellant's sexual offender obligations.  The instant action commenced when Appellant filed a motion requesting the following relief: "[P]etitioner asks this

_____
*   Retired Senior Judge assigned to the Superior Court.

Court ORDER that petitioner is immune to the registration provisions of SORNA at above docket." Motion, 8/14/17, at 1. The Commonwealth replied as ordered, and asserted that Appellant's obligations remain under Megan's Law II. The PCRA court agreed, issuing the following order:

> AND NOW, this 12th day of January, 2018, upon consideration of the Motion to Confirm Defendant is Not Required to Register under SORNA, and any responses thereto, and in light of the Pennsylvania Supreme Court's decision in [**Muniz**], it is hereby ORDERED that, barring any legislative action or further court action, Petitioner is required to comply with Megan' s Law II.[fn]
>
> ---
>
> [fn] As the Commonwealth has indicated, Petitioner is still required to register under Megan's law II. As such, Petitioner is required to register for life due to his guilty plea to Rape.

Order, 1/12/18, at 1.

Appellant filed a notice of appeal, arguing that Megan's Law II no longer exists. The Majority holds that the PCRA court lacked jurisdiction over this untimely petition, stating that "claims challenging application of SORNA's registration provisions – unlike prior versions of Megan's Law – are properly considered under the PCRA." Majority Opinion, at 5. I agree.

As explained by the Majority, our precedents treat petitions seeking retroactive application of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (OAJC), in disparate ways. In timely PCRA proceedings, we give **Muniz** retroactive effect. **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674 (Pa.Super. 2017). In untimely PCRA proceedings, however, **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018), holds that **Muniz** fails to satisfy

the relevant PCRA time-bar exception. Thus, similarly-situated offenders, *i.e.*, persons whose judgment of sentence were final when **Muniz** was decided, are treated differently. Since this is an untimely PCRA, **Murphy** controls and the PCRA court had no jurisdiction to address the merits of his claim.

For that same reason, I find that the order must be reversed to the extent it purports to impose Megan's Law II obligations upon Appellant. The same logic that compels a conclusion that the PCRA court lacked jurisdiction to "confirm" Appellant's absence of SORNA obligations dictates that the court cannot now require Appellant to comply with some other non-SORNA set of obligations. That matter does not concern the PCRA court.[1]

I now address Appellant's claim that **Murphy** conflicts with the United States Constitution. He argues that "When a state enforces a constitutionally-barred penalty, the resulting conviction or sentence is unlawful. **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). The United State[s] Constitution requires state collateral review courts to give retroactive effect to

---

[1] The Pennsylvania State Police administer the sex offender registry and impose reporting obligations as a result of duly-enacted laws. Absent a filing by a defendant seeking enforcement of a plea bargain, I discern no basis for a court to issue an order directing Appellant to comply with some alternative set of obligations. If the PCRA court was modifying Appellant's sentence, it lacked jurisdiction to do so; if the court was attempting to impose collateral obligations, it had no authority to do so. Either way, the order cannot stand. Furthermore, the Legislature has enacted laws that seek to address **Muniz**. **See** 42 Pa.C.S. §§ 9799.51-9799.75. Those statutes constitute a new subchapter, "Continued Registration of Sexual Offenders." Thus, the PCRA court order purports to impose obligations in place of this statute. Whether the requirements set forth by those laws is not germane to this appeal.

new substantive rules of constitutional law, which control the outcome of cases." Appellant's brief at 5. Appellant's point is similar to that set forth in my dissenting opinion in *Commonwealth v. Fernandez*, --- A.3d ---, 2018 WL 4237535 (*en banc*). *Fernandez* was accepted *en banc* to determine if *Commonwealth v. Partee*, 86 A.3d 245 (Pa.Super. 2014), should be overruled. *Partee* held that a probation violation constituted a failure to abide by the terms of a plea agreement, thereby precluding attempts to seek restoration of less onerous Megan's Law requirements that existed at the time of the original pleas. *Muniz* was issued while *Fernandez* was on appeal, and this Court held that *Muniz* abrogated *Partee*. I set forth my prior analysis of this issue:

> The Majority erroneously assumes that we may apply *Muniz*'s holding to these Appellants by asserting that *Muniz* abrogated *Partee*. I agree with that statement insofar as *Muniz* holds that requiring persons convicted of offenses without adequate notice of the SORNA obligations cannot be ordered to comply with SORNA. The problem, however, is that this conclusion does not supply an answer as to whether *Muniz*'s rule retroactively applies to these offenders. Our current precedents hold that *Muniz* does not satisfy the exception to the PCRA's one-year time bar pertaining to new constitutional rights. *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018). Therefore, our Court continues to affirm judgments of sentence that are no less unconstitutional than Appellants' sentences. The existence of *Murphy* disproves the Majority's statement that "reclassifications of the Appellants after the effective date of SORNA cannot stand." Majority Opinion at 310. *Murphy* accepts that SORNA classifications may remain in place notwithstanding *Muniz*, and we therefore cannot simply ignore *Partee* despite the fact that affirming on that basis raises the possibility of affirming a sentence that *Muniz* says is illegal.

Therefore, the Majority seeks to apply *Muniz* retroactively, without acknowledging the fact that the continuing existence of cases like *Murphy* means that *Muniz* would henceforth apply in a disparate fashion.

*Fernandez*, *supra* at *11 (Bowes, J., dissenting) (footnotes omitted).  In my view, the Legislature cured the problem by amending SORNA in the wake of *Muniz*.  Regarding Appellant's claim that this disparate treatment is unlawful, I observed:

> Whether that would be permissible is a difficult question. This Court has held that *Muniz* created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017). Simultaneously, *Muniz* does not satisfy the PCRA's time-bar exception pertaining to newly-announced constitutional rights. *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018). Therefore, similarly-situated offenders, *i.e.* persons whose criminal sentences were already final when *Muniz* was announced, are treated differently.
>
> While I believe that *Murphy* was correctly decided as a matter of statutory interpretation, States are arguably prohibited from refusing to grant retroactive effect to new substantive rules of constitutional law. *See Montgomery v. Louisiana*, ––– U.S. ––––, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (States required to give retroactive effect to such rules). *Montgomery* controls as to questions of federal law. "If a state collateral proceeding is open to **a claim controlled by federal law**, the state court has a duty to grant the relief that federal law requires." *Id.* at 731 (emphasis added, quotation marks and citation omitted). In turn, we have held that the binding precedent in *Muniz* "is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the *ex post facto* clause of the Pennsylvania Constitution when applied retroactively." *Commonwealth v. Hart*, 174 A.3d 660, 667 n.9 (Pa.Super. 2017).
>
> If *Muniz* simply represents the announcement of a pure state law claim, disparate retroactive application may or may not be permissible. *Cf*. *Commonwealth v. Cunningham*, 622 Pa. 543,

- 5 -

81 A.3d 1, 8 (2013) (noting that the federal retroactivity model "is not necessarily a natural model for retroactivity jurisprudence as applied at the state level."). Suffice to say, the necessity of applying **Muniz** in the absence of controlling legislation is a complicated question, and one we need not decide.

*Id*. at n.3.

I continue to adhere to this view. **Muniz** is a creature of state law, and thus the scope of its retroactive effect is not governed by the United States Constitution. Furthermore, I believe that **Muniz** retroactivity encompasses two separate questions. The first is whether offenders who were convicted of sexual offenses pre-SORNA are entitled to retroactive application of **Muniz** in the sense that such offenders are free from **ongoing** SORNA obligations. The answer to that question, in my view, is unquestionably yes. However, as discussed in **Fernandez** I believe that the Legislature has already retroactively applied **Muniz** in this sense. The second is whether **Muniz** is retroactive to the extent that offenders are entitled to relief from convictions stemming from failures to comply with SORNA obligations, which is an entirely separate retroactivity problem.[2] The latter circumstance is not involved in this

---

[2] Justices Scalia, Thomas, and Alito took a contrary view in **Montgomery** regarding a State court's obligation to give retroactive effect to new rules:

> That line of finality demarcating the constitutionally required rule in **Griffith** from the habeas rule in **Teague** supplies the answer to the not-so-difficult question whether a state postconviction court must remedy the violation of a new substantive rule: No. A state court need only apply the law as it existed at the time a defendant's conviction and sentence became final. **See Griffith**,

case, and its resolution must await a future case directly raising that issue.[3]

Until such time, I adhere to the aforementioned views.

---

> ***supra****,* at 322, 107 S.Ct. 708. And once final, "a new rule cannot reopen a door already closed." ***James B. Beam Distilling Co. v. Georgia****,* 501 U.S. 529, 541, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (opinion of Souter, J.). Any relief a prisoner might receive in a state court after finality is a matter of grace, not constitutional prescription.

***Montgomery v. Louisiana***, 136 S.Ct. 718, 739 (Scalia, J., dissenting) (some citations omitted).

[3] ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674 (Pa.Super. 2017), involved a PCRA petition seeking to challenge a conviction for failing to comply with SORNA. This Court determined that "the best resolution of this case is to vacate, remand, and offer [Rivera-Figueroa] the opportunity to argue ***Muniz***." Id. at 679. The public docket reveals that following our remand the trial court granted the Lebanon County District Attorney's motion to *nolle prosse* the charges.