J-S09022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                        :
                 v.                     :
                                        :
                                        :
DONALD IRA CROOKS            :
                                        :
             Appellant             : No. 931 WDA 2018

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002139-2014

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                     FILED MARCH 28, 2019

Donald Ira Crooks appeals from the order, entered in the Court of Common Pleas of Erie County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"). After our review, we affirm.

Following a series of incidents in which Crooks sexually assaulted his daughter from the age of 7 until she was about 11, Crooks was charged with various offenses. On March 19, 2015, a jury convicted Crooks of criminal attempt: involuntary deviate sexual intercourse, aggravated indecent assault of a child, endangering the welfare of a child, corruption of minors, indecent assault, and indecent exposure.

On June 26, 2015, the court sentenced Crooks to an aggregate term of imprisonment of 13 to 26 years, followed by five years' probation. In addition,

_____
* Retired Senior Judge assigned to the Superior Court.

the court designated Crooks as a sexually violent predator (SVP). Crooks filed a post-sentence motion, which was denied on July 8, 2015.

On direct appeal, this Court affirmed Crooks' judgment of sentence on April 11, 2016. Commonwealth v. Crooks, 145 A.3d 777 (Pa. Super. 2016) (Table). On August 24, 2016, the Pennsylvania Supreme Court denied allowance of appeal. Commonwealth v. Crooks, 145 A.3d 723 (Pa. 2016) (Table).[1]

On February 1, 2017, Crooks fled a pro se PCRA petition. The PCRA court appointed counsel, who filed an amended petition. The PCRA court dismissed the petition as untimely. On December 17, 2017, Crooks filed a second pro se PCRA petition. The court again appointed counsel, who filed an amended petition. On May 24, 2018, the PCRA court dismissed the petition as untimely. This timely appeal followed.

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii) applies:

(b) Time for filing petition.—

_____

[1] The Commonwealth incorrectly states that the Supreme Court of Pennsylvania denied Crooks' petition for allowance of appeal on September 15, 2016. See Commonwealth's Brief, at 3. The Commonwealth's brief also incorrectly gives the year of this Court's decision in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018), as 2017. See Commonwealth's Brief, at 3.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). Additionally, any petition filed pursuant to an exception under subsection (b)(1) must be filed within 60 days of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Crooks' judgment of sentence was final on November 24, 2016, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, and he failed to petition for a writ of certiorari in the United States Supreme Court. See 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. Rule

_____

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. See 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Here, Crooks' claim arose on July 19, 2017, the date that the decision in Commonwealth v. Muniz, 16 A.3d 1189 (Pa. 2016), was filed, and, therefore, the amendment is inapplicable.

13. Therefore, Crooks had one year, until November 24, 2017, to file a timely petition. The instant petition, filed December 17, 2017, is facially untimely.

Crooks attempts to satisfy the timeliness exception of section 9545(b)(1)(iii), by arguing that the lifetime registration requirement imposed upon him pursuant to the Sexual Offenders Notification Act (SORNA) is unconstitutional under our Supreme Court's July 19, 2017 decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2016)  (holding SORNA's registration provisions are punitive and retroactive application of SORNA's provisions violates ex post facto clause of Pennsylvania Constitution).

This Court has held that Muniz created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. Commonwealth v. Rivera–Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). In Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018), we stated:

> [W]e acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017).  However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See [Commonwealth v.] Abdul-Salaam, [] [812 A.2d 497, 501 (2002)].  Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405-06. In Murphy, we concluded that the substantive rule recognized in Muniz does not establish a timeliness exception to the PCRA.[3]

Crooks' PCRA petition is untimely, and he has failed to establish an exception to the PCRA time requirement. The PCRA court had no jurisdiction to address the merits of Crooks' petition and, therefore, the court properly dismissed the petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/28/2019

_____

[3] Moreover, even if Crooks could rely on the Muniz decision, his petition would have had to have been filed within 60 days of the decision, or by September 18, 2017. It was not filed until three months later, on December 17, 2017. See 42 Pa.C.S.A. § 9545(b)(2).