J-S35025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN ALBERT DIEHL | |
| Appellant | No. 1904 EDA 2018 |

Appeal from the PCRA Order Entered June 14, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0003321-2009

BEFORE: OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED AUGUST 27, 2019**

Appellant, Shawn Albert Diehl, appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—9546, as untimely. Citing *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), Appellant argues that the requirement that he register for life as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10—9799.41, violates his rights under the Ex Post Facto Clauses of the federal and Pennsylvania Constitutions. We hold that the PCRA court properly dismissed Appellant's petition without a hearing, and we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

On January 12, 2010, after a non-jury trial, the trial court convicted Appellant of three counts of involuntary deviate sexual intercourse ("IDSI") with a child, three counts of aggravated indecent assault, one count of indecent exposure, one count of endangering the welfare of a child and one count of corruption of minors.[1]  On September 7, 2010, the trial court sentenced Appellant to an aggregate term of 13 to 30 years' imprisonment. The court also determined that Appellant was a sexually violent predator ("SVP").

On May 3, 2011, the Superior Court affirmed Appellant's judgment of sentence on direct appeal.  On February 29, 2012, the Supreme Court denied Appellant's petition for allowance of appeal.

On December 20, 2012, SORNA became effective.  Under SORNA, SVP's are subject to lifetime registration as sex offenders.  42 Pa.C.S.A. § 9799.15(a)(6).

On August 26, 2015, Appellant filed a PCRA petition.  On March 25, 2016, the PCRA court dismissed the petition without a hearing.  Appellant appealed to this Court, which affirmed on February 2, 2017.

On July 19, 2017, our Supreme Court held in *Muniz* that SORNA's registration provisions are punitive, and that retroactive application of SORNA

---

[1] 18 Pa.C.S.A. §§ 3123, 3125, 3127, 4303, and 6301, respectively.

violates the Ex Post Facto clauses of the federal and Pennsylvania Constitutions. *Id.*, 164 A.3d at 1218-19.[2]

On April 20, 2018, Appellant filed his second PCRA petition, the petition that is the subject of this appeal. Therein, Appellant contended that his conduct predated SORNA's enactment, and that retroactive application of SORNA's registration provision against him was unconstitutional under *Muniz*. On May 14, 2018, the PCRA Court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 14, 2018, the Court dismissed the petition. This timely appeal followed. Appellant filed a concise statement of issues complained of on appeal even though the PCRA court did not order him to do so. On October 16, 2018, the PCRA court filed an opinion in which it reasoned that Appellant's petition was untimely.

In this appeal, Appellant contends that (1) the PCRA court erred by determining that his second petition is untimely, and (2) *Muniz* applies retroactively and renders his lifetime registration requirement unconstitutional. We begin by examining the timeliness of Appellant's

---

[2] Following *Muniz*, the Pennsylvania General Assembly enacted legislation to amend SORNA. *See* Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA and added several new sections found at 42 Pa.C.S.A. §§ 9799.42 and 9799.51 through 9799.75. In addition, the Governor of Pennsylvania recently signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018, including Section 9799.15, but limiting their applicability to individuals who commit offenses on or after December 20, 2012. *See* Act of June 12, 2018, P.L. 1952, No. 29.

petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).

Under the PCRA, the petitioner must move for post-conviction relief within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final under the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The one-year limitation period does not apply, however, when the petitioner pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)—(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within one year[3] of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in mid-2012, ninety days after our Supreme Court denied his petition for allowance of appeal.  His present petition, filed in 2018, is facially untimely.  Thus, for this Court to have jurisdiction to review his petition on the merits, he must prove that he meets one or more of the exceptions in Section 9545(b).

The PCRA court addressed whether Appellant's PCRA petition satisfied each of the three exceptions in Section 9545(b)(1).  The court concluded that Appellant failed to meet all three exceptions.  In this Court, Appellant only argues that one of the exceptions applies: the new retroactive right exception in Section 9545(b)(1)(iii).  Our Supreme Court has recognized that this exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section.  Second, it provides that the right "has been held" by "that court" to apply retroactively.  Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.  The language "has been held" is in the past tense.  These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to

---

[3] Effective December 24, 2018, the Legislature amended Section 9545(b)(2) of the PCRA, increasing the time period for invoking an exception under Section 9545(b)(1) from sixty days to one year.  **See** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146.  The amendment applies only to claims arising on or after December 24, 2017.

be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul–Salaam*, 812 A.2d 497, 501 (Pa. 2002).

Pursuant to *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), we conclude that the new retroactive right exception does not apply to this case. The facts in *Murphy* are much the same as the present case. In 2007, the petitioner was convicted of IDSI and other sexual offenses. His judgment of sentence became final at the conclusion of his direct appeal in 2009, several years before SORNA's enactment. He filed several PCRA petitions between 2009 and 2015, all of which were denied. In 2016, he filed another PCRA petition, and it was denied in early 2017. The petitioner timely appealed to this Court. During his appeal, the Supreme Court decided *Muniz*. More than sixty days[4] after *Muniz*'s issuance, the appellant filed a motion in this Court contending, based on *Muniz*, that his PCRA petition was timely under the new retroactive right exception. We disagreed, stating:

> [W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul–Salaam*. . . Because at this time, no such holding has been issued by our

---

[4] At the time *Murphy* was decided, the time period for raising an exception under Section 9545(b)(1) was sixty days. *See* n. 3, *supra*.

> Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Id.* at 405-06 (emphasis in original). In a footnote, we added: "Certainly, if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Appellant can then file a PCRA petition, within 60 days[5] of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." *Id.* at 406 n.1.

In the present case, as of this date, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that the rights recognized in *Muniz* apply retroactively. Moreover, as in *Murphy*, Appellant's PCRA petition is untimely because Appellant filed his petition more than one year after his judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Thus, the PCRA court properly dismissed Appellant's present petition as untimely. We note, as did the *Murphy* court, that if either the United States Supreme Court or the Pennsylvania Supreme Court issues a decision that the rights recognized in *Muniz* apply retroactively, Appellant can then file another PCRA petition attempting to invoke the new retroactive right exception within Section 9545(b)(1)(iii).

Order affirmed.

---

[5] *See* nn. 3 & 4, *supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/19