J-S73030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARAMIS X. RUIZ-MENA | : | |
| | : | |
| Appellant | : | No. 588 MDA 2019 |

Appeal from the PCRA Order Entered March 13, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003735-2009

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 31, 2020**

Aramis X. Ruiz-Mena appeals from the order entered in the Court of Common Pleas of Dauphin County dismissing as untimely his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Ruiz-Mena entered a guilty plea to various sexual offenses.  The court sentenced him on July 14, 2010, to 11 ½ to 23 months' incarceration followed by five years' probation.  Ruiz-Mena was also subject to Megan's Law registration requirements.  Ruiz-Mena did not file a direct appeal.

On October 24, 2018, Ruiz-Mena filed a PCRA petition, claiming his registration requirements are unconstitutional under ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).  On February 12, 2019, the court entered a Pa.R.Crim.P. 907 notice of intent to dismiss.  Ruiz-Mena filed a response on

March 4, 2019 and, on March 13, 2019, the PCRA court dismissed the petition as untimely.

Ruiz-Mena's judgment of sentence became final on August 13, 2010, at the conclusion of the time for filing a direct appeal.  *See* 42 Pa.C.S.A.  § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking review); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order being appealed).  Thus, Ruiz-Mena had one year, until August 13, 2011, to file a timely petition, 42 Pa.C.S.A. § 9545(b), unless his petition pleads and proves an exception to the time requirement.  *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Ruiz-Mena asserts that his petition satisfies the jurisdiction requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii) (constitutional right recognized by Supreme Court of United States or Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively).  *Muniz* created a substantive rule that retroactively applies in the collateral context where a petition is timely filed.  *Commonwealth v. Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017) However, because Ruiz-Mena's PCRA petition is untimely, he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). The Pennsylvania Supreme Court has not done so.  Ruiz-Mena, therefore, cannot rely on *Muniz* to meet the timeliness exception set forth at subsection

9545(b)(1)(iii). ***See Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018) (concluding substantive rule recognized in ***Muniz*** does not establish timeliness exception to PCRA).[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/31/2020

---

[1] If the Pennsylvania Supreme Court issues a decision holding that ***Muniz*** applies retroactively, Ruiz-Mena can then file a PCRA petition, within one year of that decision, attempting to invoke the "new retroactive right" exception in section 9545(b)(1)(iii).