J-S18027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LEE GROVER JR. | : | |
| | : | |
| Appellant | : | No. 2042 MDA 2018 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000054-2010

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 23, 2019**

Appellant David Lee Grover Jr. appeals from the order dismissing as untimely his serial Post Conviction Relief Act[1] (PCRA) petition challenging the applicability of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.75 (subsequently amended Feb. 21, 2018).[2] Appellant contends that this Court may consider the merits of his petition because the Pennsylvania Supreme Court has not yet ruled on the retroactive application of *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant does not raise any arguments based on Subchapter I of the amended version of SORNA. *See* 42 Pa.C.S. §§ 9799.51-9799.75.

The PCRA court summarized the procedural history of this appeal as follows:

> [Appellant] was convicted by a Huntingdon County jury on January 12, 2011, of involuntary deviate sexual intercourse,[fn1] statutory sexual assault,[fn2] aggravated indecent assault,[fn3] corruption of minors[fn4] and indecent assault.[fn5] He was sentenced on May 19, 2011, to an aggregate term of incarceration of not less than ten (10) years or more than twenty (20) years. The judgment of sentence was affirmed by the Superior Court of Pennsylvania on April 9, 2012. ***Commonwealth v. Grover***, [998 MDA 2011 (Pa. Super. filed Apr. 9, 2012) (unpublished mem.)]. [Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court. Appellant timely filed a first PCRA petition in October 2012.] [Appellant's] first PCRA petition was denied [on] January 21, 2015. That decision was affirmed by the Superior Court on November 24, 2015. ***Commonwealth v. Grover***, [622 MDA 2015 (Pa. Super. filed Nov. 24, 2015) (unpublished mem.)]. A second PCRA petition was dismissed by this [c]ourt on April 28, 2016. That decision was affirmed by the Superior Court [on] October 24, 2016. ***Commonwealth v. Grover***, [784 MDA 2016 (Pa. Super filed Oct. 24, 2016) (unpublished mem.)]. A third PCRA petition was dismissed by this [c]ourt without [a] hearing on November 2, 2017.[3] No appeal was taken from [that] decision.
>
> [fn1] 18 Pa.C.S. [§] 3123(7). [All charges related to conduct that occurred between August 2009 and January 2010. Appellant was subject to a lifetime registration requirement under 42 Pa.C.S. §§ 9791-9799.9 (expired December 20, 2012), also known as Megan's Law III.]
>
> [fn2] 18 Pa.C.S.[§] 3122.1.

---

[3] The Pennsylvania Supreme Court decided ***Muniz*** on July 19, 2017. Appellant initially raised ***Muniz*** in his third PCRA petition, which was postmarked on September 11, 2017. The PCRA court denied relief based on its conclusion that SORNA did not increase the length of Appellant's registration requirement. That issue is not before this Court.

[fn3] 18 Pa.C.S.[ §] 3125(8).

[fn4] 18 Pa.C.S.[ §] 6303(a)(1).

The petition *sub judice* was filed [in January 2018.4]  Counsel was appointed, and an amended petition was filed [on] March 29, 2018.  A supplemental amendment was docketed on July 17, 2018.  A hearing was held [on] September 25, 2018.

PCRA Ct. Order & Mem., 11/27/18, at 2-3 (unpaginated) (some capitalization omitted).  On November 27, 2018, the PCRA court dismissed Appellant's petition as untimely based on this Court's decision in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018).  **Id.** at 6.

Appellant timely appealed and complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement.  This appeal followed.

Appellant concedes that **Murphy** remains the controlling authority on the question of whether the instant PCRA petition was timely filed.  Appellant, however, continues:

The key to the [**Murphy**] Court's analysis is that to date, the Pennsylvania Supreme Court has remained silent on the retroactive application.  As such, Appellant believes that the instant matter is ripe for consideration as a matter of unsettled law in this Commonwealth and proffers the within appeal.

Appellant's Brief at 4.

When reviewing the dismissal of a PCRA petition on timeliness grounds, our review is limited to "whether the record supports the PCRA court's

_____

4 Appellant's petition was postmarked January 29, 2018, and was received and docketed by the PCRA court on January 31, 2018.

determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).

Instantly, there is no dispute that Appellant's PCRA petition was untimely on its face. Appellant instead seeks to invoke the exception set forth in Section 9545(b)(1)(iii).

However, as emphasized in **Murphy**, the Pennsylvania Supreme Court's silence is dispositive of Appellant's claim. As the **Murphy** Court noted,

> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> Here, we acknowledge that this Court has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the petitioner]'s PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [the petitioner] cannot rely on **Muniz** to meet that timeliness exception.[fn1]

- 5 -

[fn1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, [the petitioner] can then file a PCRA petition . . . attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

*Murphy*, 180 A.3d at 405-06 (citation omitted).

Here, the Pennsylvania Supreme Court has yet to hold that *Muniz* applies retroactively. Accordingly, like the petitioner in *Murphy*, Appellant cannot rely on *Muniz* to excuse the facial untimeliness of the instant PCRA petition. *See id.* Therefore, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2019

- 6 -