J-S20010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD SCOTT ROLLINS, | : | |
| | : | |
| Appellant | : | No. 676 WDA 2018 |

Appeal from the PCRA Order April 5, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009016-2014

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 13, 2019**

Richard Scott Rollins ("Rollins") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On October 6, 2014, Rollins pled guilty to one count each of involuntary deviate sexual intercourse ("IDSI"), sexual assault, unlawful contact with a minor, corruption of minors, and indecent assault.[2]  The convictions arise out of Rollins's assault of his minor niece on May 12, 2013.  On October 6, 2014, the trial court sentenced Rollins to an aggregate term of 6 to 12 years in prison, followed by one year of probation.  The trial court did not find Rollins

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3123(a)(7), 3124.1, 6318(a)(1), 6301(a)(1)(i), 3126(a)(8).

to be a sexually violent predator ("SVP"), but due to his conviction of IDSI, ordered him to comply with lifetime registration and reporting, pursuant to the Sex Offenders Registration and Notification Act ("SORNA"). **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.[3] Rollins did not file a direct appeal.

On January 5, 2018, Rollins filed a *pro se* PCRA Petition.[4] The PCRA court appointed counsel to assist Rollins with his claim, who thereafter filed an Amended PCRA Petition. On March 29, 2018, pursuant to Pa.R.Crim.P. 907, the PCRA court gave Rollins Notice of its intent to dismiss his Petition as being untimely filed. Rollins did not respond to the Rule 907 Notice.

By an Order entered on April 5, 2018, the PCRA court dismissed Rollins's PCRA Petition. Rollins timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The PCRA court then issued a Rule 1925(a) Opinion.

Rollins now presents the following question for our review:

_____

[3] "SORNA was enacted on December 20, 2011, and became effective on December 20, 2012. SORNA [] was amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018." **Commonwealth v. Golson**, 189 A.3d 994, 1002 n.7 (Pa. Super. 2018). SORNA was further amended on June 12, 2018, by H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018.

[4] In his Petition, Rollins argued that his purported classification as an SVP was unlawful, in light of this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212, 1217-18 (Pa. Super. 2017) (holding that SORNA's provision relating to SVP designation is unconstitutional because it increases criminal punishment without a fact-finder making factual findings beyond a reasonable doubt). However, the record reveals that the trial court never classified Rollins as a SVP.

[Whether t]he PCRA [c]ourt erred in dismissing the [P]etition as untimely because the decision in **Commonwealth v. Muniz**[, 164 A.3d 1189 (Pa. 2017),[5]] created a substantive rule that applies retroactively, **see Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678, (Pa. Super. 2017), and the Supreme Court has not conclusively stated that it does not apply retroactively to post-conviction proceedings, **see Commonwealth v. Murphy**, 180 A.3d 402, 405-406 (Pa. Super. 2018)[?]

Brief for Appellant at 5 (footnote added).

We first must ascertain whether Rollins timely filed his PCRA Petition, as any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a PCRA court has no power to address the substantive merits of an untimely petition. **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723-24 (Pa. 2003). However, Pennsylvania courts may consider an untimely petition if the appellant explicitly pleads and proves one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of these exceptions must also establish that the exception was raised within one year of the date the claim could have been

---

[5] The **Muniz** Court held that SORNA's registration requirements constitute criminal punishment, and thus, their *retroactive* application to increase a sexual offender's term of registration violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1193, 1223.

first presented.  42 Pa.C.S.A. § 9545(b)(2).[6]

Rollins concedes that because his judgment of sentence became final in November 2014, and he did not file his PCRA Petition until January 5, 2018, it is facially untimely.  Brief for Appellant at 13.  However, Rollins purports to invoke the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).  Rollins urges that his sentence is illegal, as a result of *Muniz* and this Court's later decision in *Rivera-Figueroa*, 174 A.3d at 678 (holding that "*Muniz* created a substantive rule that retroactively applies in the collateral context.").  *See* Brief for Appellant at 14-16.

Here, the parties, and the PCRA court in its Opinion, have overlooked the fact that Rollins committed the offenses *after* the effective date of SORNA (*i.e.*, December 20, 2012).  Because Rollins committed the offenses on May 12, 2013, he was therefore *always* subject to SORNA's registration provisions. *See* 42 Pa.C.S.A. § 9799.11(c).  Thus, notwithstanding the untimeliness of

---

[6] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, Dec. 24, 2018), extending the time for filing from *60 days* of the date the claim could have been first presented, to *one year*.  The amendment applies to claims arising on December 24, 2017, or thereafter.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3 ("Act 146").  In the instant case, the one-year time limit of Act 146 applies to Rollins's PCRA Petition, since he filed it on January 5, 2018.

Rollins's PCRA Petition,[7] **Muniz**, which concerns only the *retroactive* application of the SORNA registration provisions, does not apply, and Rollins's claim of a newly-recognized constitutional right can be rejected out of hand. **See Commonwealth v. Bricker**, 198 A.3d 371, 376 (Pa. Super. 2018) (where the defendant had committed the sexual offenses after the effective date of SORNA, holding that his "sentence is not illegal in light of **Muniz**, for therein our Supreme Court held that the *retroactive* application of SORNA's … registration requirements to defendants whose crimes occurred *prior to* SORNA's effective date violated the *ex post facto* clause of the Pennsylvania Constitution." (emphasis in original)); **Commonwealth v. Strafford**, 194 A.3d 168, 172 n.4 (Pa. Super. 2018) (same).

Accordingly, we affirm the Order of the PCRA court dismissing Rollins's first PCRA Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

---

[7] The PCRA court properly determined that, in order to meet the requirements of the newly-recognized constitutional right exception, a PCRA petitioner must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively, which has not occurred at this time. **See Murphy**, 180 A.3d at 405-06; **see also** Brief for Appellant at 16 (wherein Rollins concedes the holding of **Murphy** in this regard).

- 5 -

Date: <u>6/13/2019</u>