J-S40012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

FREDERICK SHELDON WALTER,

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 1700 WDA 2018

Appeal from the PCRA Order Entered October 31, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0001011-2003

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          FILED OCTOBER 03, 2019

Appellant, Frederick Sheldon Walter, appeals pro se from the post-conviction court's October 31, 2018 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

On March 9, 2007, a jury found [Appellant] guilty of involuntary deviate sexual intercourse, aggravated indecent assault, criminal attempt of aggravated indecent assault, corruption of minors, and two (2) counts of indecent assault. On September 19, 2007, [Appellant] was sentenced to a total aggregate [term] of 138 months to 288 months[' incarceration], and was found to be a sexually violent predator [(SVP)] under

_____

[*] Retired Senior Judge assigned to the Superior Court.

Megan's law II, thereby subjecting [Appellant] to a lifetime registration requirement.

[Appellant] filed a PCRA petition, and was thereafter assigned counsel[,] who subsequently amended the PCRA petition. The amended PCRA petition argued [that Appellant] received ineffective [assistance of] counsel. This [c]ourt dismissed the petition. [Appellant] appealed the dismissal to the Superior Court, however, the dismissal was affirmed. Commonwealth v. Walter, 2015 WL 6940138 (Pa. Super. [] 2015) [(unpublished memorandum)].

On September 14, 2018, [Appellant] filed the instant PCRA petition pro se[,] arguing he is entitled to relief under the ruling in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). On October 31, 2018, this [c]ourt dismissed the petition without a hearing because it was untimely. On November 28, 2018, [Appellant] filed his [n]otice of [a]ppeal with the Superior Court and thereafter received notice from this [c]ourt directing compliance with Pa.R.A.P. 1925[(b)]. [Appellant] failed to file his [c]oncise [s]tatement within the time permitted, but he filed a motion for [an] extension of time, which this [c]ourt granted on January 3, 2019. [Appellant] filed his [c]oncise [s]tatement, which reiterated his argument in the PCRA petition.

PCRA Court Opinion (PCO), 1/18/19, at 1-2 (unnumbered; footnote and citations to record omitted). The PCRA court filed its Rule 1925(a) opinion on January 18, 2019.

Herein, Appellant states seven issues for our review:

1. Does a lack of judicial reviewability of a[n SVP] finding render Megan's Law II unconstitutionally overbroad and excessive?

2. Is Megan's Law II unconstitutionally vague?

3. Did the trial court err in finding that the Commonwealth established by clear and convincing evidence that [A]ppellant meets the statutory criteria for classification as a[n SVP]?

4. Was [the] verdict against the weight of [the] evidence? []

5. Was [t]rial ... [c]ounsel[']s performance ineffective and prejudic[ial]?

6. Was there abuse of discretion?

7. Is the statu[t]e [im]permissibly vague, because it fails to allow for [a] sufficiently precise understanding of who is or is not a[n SVP]?

Appellant's Brief at 4 (individual page not numbered).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final in 2007, and thus, his present petition filed in 2018 is patently untimely.  For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not argue the applicability of any of the above-stated timeliness exceptions.  Instead, he seems to contend that Megan's Law II — the statute under which his SVP designation was imposed — is unconstitutional in light of Muniz.  In that case, our Supreme Court held that

_____

[1] An amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).  That amendment applies to any claim arising on or after December 24, 2017.  Id.  Here, as we will discuss infra, Appellant's claims are premised on our Supreme Court's decisions in Muniz and Commonwealth v. Derhammer, 173 A.3d 723 (Pa. 2017), which were decided on July 19, 2017, and November 22, 2017, respectively.  Thus, Appellant's claims arose before December 24, 2017, and he therefore must satisfy the 60-day requirement of the prior version of section 9545(b)(2).

the retroactive application of the registration and reporting requirements of the Sexual Offenders Registration and Notification Act (SORNA),[2] which replaced Megan's Law, violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Muniz, 164 A.3d at 1223. Appellant also claims that Derhammer invalidates his registration requirement under Megan's Law II. There, our Supreme Court held that the Derhammer could not be prosecuted for violating the registration requirements of Megan's Law III because, at the time of his trial, Megan's Law III had been voided as unconstitutional. Derhammer, 173 A.3d at 729-30.

To the extent we could view Appellant's argument as an attempt to rely on Muniz and/or Derhammer to meet the timeliness exception of section 9545(b)(1)(iii), that effort would fail for two reasons. First, as the PCRA court observes, Appellant did not meet the 60-day requirement of the version of section 9545(b)(2) in effect at the time his claim(s) arose. See PCO at 4 (unnumbered). Again, Muniz was decided on July 19, 2017, and Derhammer was decided on November 22, 2017. Appellant's pro se PCRA petition was not filed until September 14, 2018, which was well past the 60-day deadline.

Second, the Pennsylvania Supreme Court has not held that either Muniz or Derhammer applies retroactively. In Commonwealth v. Abdul-Salaam, 812 A.2d 497 (Pa. 2002), our Supreme Court held that to satisfy section

_____

[2] 42 Pa.C.S. §§ 9799.10-9799.42.

9545(b)(1)(iii), the petitioner must prove both that a "new" constitutional right has been recognized by the United States Supreme Court or the Pennsylvania Supreme Court, and that the right "has been held" by that court, to apply retroactively.  Id. at 501 (emphasis added).  Thus, Appellant cannot rely on Muniz or Derhammer to meet the timeliness exception of section 9545(b)(1)(iii).  See Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018) (holding that Muniz cannot satisfy the timeliness exception of section 9545(b)(1)(iii) because the Pennsylvania Supreme Court has not held that Muniz applies retroactively).

For these reasons, Appellant has failed to demonstrate that his untimely PCRA petition meets a timeliness exception.  Thus, we cannot review his claims that Muniz and/or Derhammer invalidate his registration requirements as an SVP under Megan's Law II.  Additionally, Appellant makes no attempt to aver that any of his remaining claims satisfy a timeliness exception.  Accordingly, the PCRA court did not err in dismissing his untimely petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2019