J-S18014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDGAR B. MURPHY JR. | : | |
| | : | |
| Appellant | : | No. 1622 MDA 2019 |

Appeal from the PCRA Order Entered September 10, 2019,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0004494-2006.

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 05, 2020**

Edgar B. Murphy appeals *pro se* from the order denying as untimely his latest petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

When affirming the dismissal of a previous, untimely PCRA petition, this Court summarized the pertinent facts and procedural history as follows:

> Briefly, in February of 2007, [Murphy] was convicted, following a jury trial, of involuntary deviate sexual intercourse, sexual assault, and indecent assault committed against his 33-year-old daughter. On November 8, 2017, [Murphy] was sentenced to an aggregate term of 7 to 20 years' incarceration. This Court affirmed his judgment of sentence on direct appeal, and our Supreme Court denied [Murphy's] subsequent petition for allowance of appeal on April 29, 2009. Accordingly, [Murphy's] judgment of sentence became final on July 28, 2009, at the conclusion

---

* Former Justice specially assigned to the Superior Court.

of the ninety-day time-period for seeking review with the United States Supreme Court.

Between 2009 and 2015, [Murphy] filed several PCRA petitions, all of which were denied. He filed the present, *pro se* petition on August 4, 2016, as well as multiple amendments/supplements to that petition, containing nearly 200 pages of argument. Ultimately, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Murphy's] petition, to which he filed several *pro se* responses. On March 9, 2017, the court issued the order denying [Murphy's] petition.

**Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), unpublished memorandum at 1-2 (citations omitted).

Murphy filed a timely *pro se* appeal to this Court. Although Murphy raised twenty-five issues for our review, we did not address their merits because the 2016 PCRA petition was untimely filed and Murphy failed to plead and prove a timeliness exception. **See id.** at 4. Relevant to the present appeal, this Court concluded that Murphy could not rely on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) to satisfy the "new retroactive right" exception found section 9545(b)(1)(iii) of the PCRA. We explained:

Here, we acknowledge that **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). **See Commonwealth v. Abdul-Salaam**, [812 A.2d 497 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court,

- 2 -

[Murphy] cannot rely on *Muniz*, to meet the timeliness exception.

*Murphy*, unpublished memorandum at 6 (footnote omitted). Thus, on February 20, 2018, we affirmed the PCRA court's order denying Murphy post-conviction relief.

Undaunted, Murphy filed the *pro se* PCRA petition at issue on March 15, 2019, which, according to the PCRA court, offered "the same vague, disorganized series of arguments and issues as set forth in his previous petitions." Rule 907 Notice, 6/10/19, at 2. The PCRA court also noted that Murphy subsequently filed various motions to amend this latest petition, including a "Motion to be Removed from SORNA," which we rejected in *Murphy*, *supra*, as well as a *pro se* motion filed on April 24, 2019 asking the PCRA court "to drop all charges and release him from prison." In this latest filing, Murphy claimed "his current petition [was] timely, citing 'racism.'" *Id.* at 3.

On June 10, 2019, the PCRA court issued a Rule 907 notice of its intention to dismiss Murphy's petition without a hearing because the court "was without jurisdiction to entertain [Murphy's latest] petition, as it [was] untimely, and no exceptions apply." *Id.* Murphy filed a response. By order entered September 9, 2019, the PCRA court denied Murphy's PCRA petition. This timely appeal followed.

Although Murphy raises seven issues on appeal, we must first determine whether the PCRA court correctly concluded that it lacked jurisdiction to consider Murphy's claims because his latest petition was untimely filed.[1]

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition invoking one of these

_____

[1] The PCRA court concluded that all of Murphy's appellate issues were waived because he failed to file a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal. While we could affirm the denial of post-conviction relief on this basis alone, we nevertheless review whether Murphy's 2019 PCRA petition was timely filed.

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, this Court has previously held that Murphy's judgment of sentence became final on July 28, 2009. Thus, for purposes of the PCRA's time bar, Murphy had to file his PCRA petition by July 28, 2010. Murphy filed the PCRA petition at issue on March 15, 2019. Thus, the petition is patently untimely, unless Murphy has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Murphy has failed to plead and prove a timeliness exception. Within his brief, Murphy asserts that counsel's ineffectiveness, ***Brady***[3] violations, fraud, abandonment of counsel, and racism, should not bar him from being denied

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

collateral relief based on the time limitations under the PCRA. Murphy's Brief at 3. He then refers to five different exhibits attached to his brief in an attempt to meet his statutory burden.

In his prior appeal, we noted that Murphy "present[ed] a 58-page "Argument" section that is not clearly divided into identifiable issues. Instead, [Murphy] intermixes various claims together in an incoherent fashion, moving from assertions of trial counsel's ineffectiveness, to allegations of due process violations, to accusations that the trial court and the Commonwealth committed fraud." *Murphy*, unpublished memorandum at 4. We note that Murphy's current brief suffers from the same deficiencies.[4] Thus, we discern no basis to disturb the PCRA court's denial of post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2020

---

[4] To the extent we understand it, Murphy bases all his claims on the "false" testimony that the victim in this case is his biological daughter and the "knowing use of perjured information." Murphy's Brief, Exhibit One, at 4. Murphy raises this claim in his first PCRA petition filed in 2009. *See Commonwealth v. Murphy*, 32 A.2d 839 (Pa. Super. 2011), unpublished memorandum at 7.