J-S36028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WAYNE MICHAEL WEBBER | : | |
| | : | |
| Appellant | : | No. 60 WDA 2020 |

Appeal from the PCRA Order Entered January 6, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008249-2014

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED AUGUST 18, 2020**

Appellant, Wayne Michael Webber, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his petition brought under the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  In 2004, Appellant entered a guilty plea to one count each of aggravated indecent assault, indecent assault of a child less than 13, and corruption of minors at Docket No. 4513-2003.  The court sentenced Appellant to two and one-half (2½) to five (5) years' incarceration, plus seven (7) years' probation.  Appellant's convictions subjected him to mandatory lifetime sex offender

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

registration under Megan's Law II, which was in effect at that time.

In 2014, the Commonwealth charged Appellant at Docket No. 8249-2014 for failing to comply with registration and reporting requirements under the Sex Offender Registration and Notification Act ("SORNA I"). On December 4, 2014, Appellant entered a guilty plea to one count each of failure to register and failure to verify an address/be photographed. The court sentenced Appellant on February 24, 2015, to eleven and one-half (11½) to twenty-three (23) months' incarceration, plus five (5) years' probation. Appellant did not file post-sentence motions or a notice of appeal at Docket No. 8249-2014. In March 2017, the trial court again convicted Appellant of failure to comply with SORNA I's registration requirements, at Docket No. 3911-2017.

On March 19, 2018, Appellant filed *pro se* the current PCRA petition at Docket No. 8249-2014 (related to his 2014 failure to register and failure to verify address/be photographed convictions), and the court subsequently appointed counsel. On July 10, 2019, Appellant filed an amended PCRA petition, challenging the validity of his 2014 convictions and resultant sentences under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018).[2] The PCRA court issued notice of its intent to dismiss without a hearing per

---

[2] In **Muniz**, the Supreme Court held that the registration, notification, and counseling provisions of SORNA I were punitive, such that application of those provisions to offenders who committed their crimes prior to SORNA I's effective date violated *ex post facto* principles. **See Muniz, supra**.

Pa.R.Crim.P. 907 on December 6, 2019, and Appellant filed a response on December 26, 2019. On January 6, 2020, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal on January 10, 2020. The court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant filed none.

While the current appeal was pending, this Court disposed of Appellant's direct appeal at Docket No. 3911-2017 related to his 2017 conviction for failing to comply with SORNA I's registration and reporting requirements. *See* *Commonwealth v. Webber*, 217 A.3d 431 (Pa.Super. 2019) (unpublished memorandum). This Court reversed the 2017 conviction and vacated the judgment of sentence pursuant to *Muniz*, because Appellant committed the underlying sex offenses prior to SORNA I's effective date. *See Webber, supra*.

Appellant raises the following issues for our review:

> [Whether t]he PCRA [c]ourt had jurisdiction because [Appellant]'s case falls within an exception to the timeliness requirement of the statute[?]
>
> [Whether Appellant]'s sentence must be vacated because retroactive application of [42 Pa.C.S.A] § 9799.63 is unconstitutional under *Moore*[3][?]
>
> [Whether t]he [Pennsylvania] Supreme Court's decision in *Lacombe*[4] m[a]y positively impact the outcome of

---

[3] *Commonwealth v. Moore*, 222 A.3d 16 (Pa.Super. 2019).

[4] *Commonwealth v. Lacombe*, 35 & 64 MAP 2018, ___ Pa. ___, ___ A.3d ___, 2020 WL 4150283 (filed July 21, 2020).

[Appellant]'s appeal[?]

(Appellant's Brief at 5).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions in the PCRA allow for limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within one year of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[5]

The newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier

---

[5] Previously, the PCRA required that a petition invoking a timeliness exception be filed within sixty (60) days of the date the claim first could have been raised. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000). As of December 24, 2018, PCRA petitions invoking timeliness exceptions must be filed within one year of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Appellant filed the instant PCRA petition on March 19, 2018, so the amendment applies to him.

by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007); 42 Pa.C.S.A. § 9545(b)(1)(ii). Regarding the newly-recognized constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by [the Supreme Court of the United States or the Supreme Court of Pennsylvania] to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012); 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, Appellant's judgment of sentence at Docket No. 8249-2014 became final on March 26, 2015, upon expiration of the time to file a direct appeal. **See** Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on March 19, 2018, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the newly-discovered facts exception, relying on this Court's disposition in **Webber, supra** related to Appellant's direct appeal at a different docket number. Judicial decisions, however, do not constitute a "new fact" for purposes of the time-bar exception. **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)).

Appellant also attempts to invoke the newly-recognized constitutional right exception, relying on **Muniz**. **Muniz**, however, does not satisfy that exception to the PCRA time-bar. **See Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, 649 Pa. 148, 195 A.3d 559 (2018)

(stating petitioner cannot rely on *Muniz* to meet timeliness exception under Section 9545(b)(1)(iii) unless and until Supreme Court allows).

Additionally, Appellant claimed *Lacombe* might announce a newly-recognized constitutional right on which Appellant could rely to satisfy the time-bar exception. Our Supreme Court recently issued its decision in *Lacombe* during the pendency of this appeal. In *Lacombe*, the Court held that Subchapter I of SORNA II is non-punitive and does not violate the constitutional prohibition against *ex post facto* laws, as applied retroactively to sex offenders who committed their offenses on or after April 22, 1996, but before December 20, 2012. Thus, *Lacombe* did not announce any newly-recognized constitutional right on which Appellant can rely.[6] Accordingly, Appellant's current PCRA petition remains time-barred, and we affirm the order denying PCRA relief.

Order affirmed.

_____

[6] To the extent Appellant purports to challenge his current sex offender reporting requirements, as opposed to the validity of his 2014 failure to register conviction and resultant sentence, we observe that Appellant's current reporting requirements stem from his underlying 2004 convictions at Docket No. 4513-2003. Appellant, however, filed the current PCRA petition **only** from the judgment of sentence at Docket No. 8249-2014, which includes no registration and reporting requirements. Therefore, any challenge to the validity of Appellant's current reporting requirements is not properly before us, and we need not consider Appellant's reliance on *Moore, supra* to attack the validity of Appellant's reporting requirements. . In any event, *Lacombe* upheld the constitutionality of Subchapter I of SORNA II, under which Appellant is currently registering.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2020