J-S20037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRIRK HARRIS | : | |
| | : | |
| Appellant | : | No. 1429 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004135-2012

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                Filed: August 25, 2020

Tyrirk Harris appeals from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. The PCRA court denied the petition as untimely. We affirm.

In 2013, a jury convicted Harris of third-degree murder and possession of an instrument of crime.[1] The trial court sentenced him to an aggregate term of 20 to 40 years' imprisonment. We affirmed the judgment of sentence. ***Commonwealth v. Harris***, No. 1473 EDA 2013 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 94 A.3d 1008 (Table) (Pa. filed June 12, 2014). Harris' first PCRA petition was denied in November 2015.

Harris filed the instant *pro se* PCRA petition, his second, in January 2019. He alleged that the trial court abused its discretion in sentencing him

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

and also alleged ineffective assistance of counsel by failing to object to the imposed sentence. He also claimed all three time-bar exceptions of the PCRA apply. The PCRA court issued its notice to dismiss the PCRA petition because it was untimely. *See* Pa.R.Crim.P. 907. Harris responded that the petition should not be dismissed because he proved the third time-bar exception of a constitutional right recognized to apply retroactively, citing ***Alleyne v. United States***, 570 U.S. 99 (2013), and ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). *See* Rule 907 Response at 2; 42 Pa.C.S.A. § 9545(b)(1)(iii). The PCRA court denied the PCRA petition and this timely appeal followed.

Harris raises one claim before this Court: "Did the PCRA Court err and/or abuse its discretion when it denied [Harris'] petition under the PCRA as untimely filed despite [Harris'] claim that the petition was subject to an exception to the PCRA's time bar?" Harris' Br. at 5.

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa.Super. 2011). A timely petition is one that a petitioner has filed within one year from the judgment of sentence becoming final. A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). After the one year deadline expires, a petitioner must plead and prove at least one of the time-bar exceptions. These exceptions include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). A petitioner must raise the claim within one year from the time the claim could have been raised. *Id.* at § 9545(b)(2).

Harris' judgment of sentence became final on September 10, 2014, and he had until September 10, 2015, to file a timely petition. Harris filed the instant petition on January 15, 2019, and therefore it is patently untimely. As such, Harris was required to plead and prove one of the time-bar exceptions.

In his PCRA petition Harris alleged the new constitutional right exception by checking a box on a form PCRA petition, but did not clearly specify the right he was claiming. In his brief, Harris cites *Alleyne* and *Apprendi* and states that "his PCRA petition falls within (iii[)] the right asserted is a constitutional right that was recognized by the Supreme Court of the [U]nited [S]tates or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that Court to apply retroactively." Harris' Br. at 16 (citing to *Commonwealth v. Brown*, 111 A.3d 171, 175-76 (Pa.Super.

2015) (holding petitioner's PCRA petition was untimely and petitioner failed to satisfy newly discovered fact time-bar exception)).

In order to satisfy the new constitutional right time-bar exception, a petitioner must plead and prove: 1) "that there is a 'new' constitutional right" and 2) "that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002). *Alleyne* held "that any fact that, by law, increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 570 U.S. at 103. *Apprendi* held that "[t]he Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 466.

Here, even assuming Harris adequately pleaded the new constitutional right exception, his claim of that exception fails because neither *Alleyne* nor *Apprendi* has been held to apply retroactively. *See Commonwealth v. Washington*, 142 A.3d 810, 819, 820 (Pa. 2016) (*Alleyne* and *Apprendi* do not apply retroactively on collateral review). The PCRA court thus did not err in denying Harris' petition as untimely. *See Commonwealth v. Murphy*, 180 A.3d 402, 406 (Pa.Super. 2018) (affirming denial of untimely PCRA petition where petitioner claimed constitutional right time-bar exception but failed to prove the constitutional right referenced had been held retroactive).

Order affirmed.

Judge Shogan joins the memorandum.

Judge Stabile concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/20